The Chancellor.
The complainant, by deed bearing date on the fifteenth day of December, 1860, for the consideration of $6800, conveyed to Sarah W. Dickson, one of the defendants, a tract of land in the county of Atlantic. Matlack, the other defendant, was jointly interested in the purchase, and the conveyance was made to Dickson at his request. On the day of the delivery of the deed, the pur *253 chase money for the premises had all been paid except $1131.20, for which Matlack gave his note to the vendor at thirty days. The note was subsequently renewed for ten days, by a note drawn to Matlack’s own order, and placed in the hands of P. J. Gray, the agent of the complainant, and by him endorsed. On the thirtieth of April, 1861, Dickson, the grantee, made and executed, under her hand and seal, a declaration of trust, wherein-, after reciting the foregoing facts, it was declared that she held “ one-third of the said tract of land, or the proceeds of the sale thereof, for the sole use and benefit of P. J. Gray, as a guarantee for the payment of said note, and whenever said note shall be paid to said Thomas IP. Dudley, then this obligation to cease and become null and void,”
The complainant seeks, by his bill, to enforce the equitable lien of the unpaid purchase money against the whole of the land conveyed, or against so much and such part thereof as the lien may be deemed to attach to.
The well settled rule of equity, that the vendor of real estate has a lien upon the land sold for the purchase money, is recognised and adopted in this state. The taking of the note or bond of the purchaser for the unpaid purchase money will not impair the lien. Van Doren v. Todd, 2 Green’s Ch. R. 397; Brinkerhoof v. Vansciven, 3 Ibid. 251; Garson v. Green, 1 Johns. Ch. R. 308; 4 Kent’s Com. 152.
But the taking of distinct security, either in the shape of real or personal property, from the vendee, or taking the responsibility of a third person, is an implied waiver of the lien. Gilman v. Brown, 1 Mason 191; S. C. on appeal, 4 Wheat. 255; Nairn v. Prowse, 6 Vesey 752.
Any act which indicates that it tvas not the intention of the parties that the purchase money should continue a lien upon the land conveyed, is a waiver of such lien. Notes to Macreth v. Symmons, 1 White & Tudor’s L. C. in JEq. 256.
As where the vendor took a mortgage for part of the purchase money, and a note for the remainder. Bond v. Kent, 2 Vern. 281.
*254 So where a bond was given for the unpaid purchase money secured by a mortgage on part of the purchased property, it was held that the lien could not extend over the rest of the land. Copper v. Spottiswood, Tamlyn 21.
Aside from all other difficulties in the case, assuming, upon the facts stated, that the complainant had an equitable lien upon the lands conveyed to Dickson for the amount of the note given by Matlack, the lien was lost by accepting an encumbrance upon part of the estate as a security for the note.
. The acceptance of the declaration of trust by Dickson, that she held one-third of the land conveyed as a guarantee for the payment of the note, affords the most satisfactory evidence that the vendor did not rely upon his lien upon the whole property conveyed as a security for the payment of the money.
The case falls directly within the authority of Copper v. Spottiswood, Tamlyn 21.
The complainant is not entitled to an equitable lien upon the whole of the premises conveyed. He must be restricted to the security afforded by the declaration of trust.
Note. — See note to Macreth v. Symmons, 1 White & Tudor's Leading Cases in Equity 194, 222, in which all the cases on the subject of the vendor’s lien for the purchase money are collected and discussed.